# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## EASTERN DIVISION

MICHAEL DALE CYREE,              )
                                 )
  Plaintiff,            )
                                 )
                                 )
VS.                              )  No. 20-1148-JDT-cgc
                                 )
                                 )
TENNESSEE DEPARTMENT OF          )
CORRECTION,                      )
                                 )
  Defendant.            )

---

### ORDER DISMISSING COMPLAINT AND GRANTING LEAVE TO AMEND

---

On July 7, 2020, Plaintiff Michael Dale Cyree, who is incarcerated at the Northwest Correctional Complex in Tiptonville, Tennessee, filed a *pro se* civil complaint and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) The Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 4.) Cyree sues the Tennessee Department of Correction (TDOC) over injuries allegedly resulting from a fall.

Cyree alleges in his complaint that he was transported by TDOC personnel to a November 22, 2019, court appearance in Lynchburg, Tennessee. As they were leaving court for the day, with Cyree handcuffed and wearing a waist-chain and leg shackles, there was only one TDOC officer to escort him down a flight of stairs. The unidentified officer allegedly instructed Cyree to go down the stairs in front of him. Cyree alleges he lost his balance as he stepped off the landing at the top and fell down seventeen steps to the bottom, sustaining unspecified injuries. (ECF No. 1

at PageID 2.)  He seeks monetary damages "due to the negl[i]gence" of the officers.  (*Id.* at PageID 3.)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

(1)      is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2)      seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).  The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'"  *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681).  Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations."  *Iqbal*, 556 U.S. at 679.  Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P.  8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief."  *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed."  *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)).  *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure.  *Wells v. Brown*, 891 F.2d 591, 594

2

(6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011)

(affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements"

and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'"

(quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

Cyree's complaint is filed on the form used for commencing actions pursuant to 42 U.S.C.

§ 1983.  Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege two elements:  (1) a deprivation of rights

secured by the "Constitution and laws" of the United States (2) committed by a defendant acting

under color of state law.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Cyree has used the § 1983 form but seeks compensation only for the "negligence" of the

TDOC officers; it is thus unclear whether he also contends that his constitutional rights were

violated.  Nevertheless, for purposes of this order the Court will presume that Cyree is attempting

to assert both a federal constitutional claim under § 1983 and a Tennessee state-law claim for

negligence.

Any claims against the TDOC, an agency of the State of Tennessee, are considered claims

against the State itself.  However, Cyree has no valid claims against the State of Tennessee under

either § 1983 or Tennessee law.  The Eleventh Amendment to the United States Constitution

provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit

in law or equity, commenced or prosecuted against one of the United States by Citizens of another

State, or by Citizens or Subjects of any Foreign State."  U.S. Const. amend. XI.  The Eleventh

Amendment has been construed to prohibit citizens from suing their own states in federal court. *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472 (1987); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Employees of Dep't of Pub. Health & Welfare v. Mo. Dep't of Pub. Health & Welfare*, 411 U.S. 279, 280 (1973); *see also Va. Office for Protection & Advocacy v. Stewart*, 563 U.S. 247, 253-54 (2011) ("A State may waive its sovereign immunity at its pleasure, and in some circumstances Congress may abrogate it by appropriate legislation. But absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State." (citations omitted)).   By its terms, the Eleventh Amendment bars all suits, regardless of the relief sought.   *Pennhurst*, 465 U.S. at 100-01.   Tennessee has not waived its sovereign immunity.  Tenn. Code Ann. § 20-13-102(a);[1] *see also Williams v. Nicely*, 230 S.W.3d 385, 388-89 (Tenn. Ct. App. 2007); *Spencer v. Cardwell*, 937 S.W.2d 422, 423-24 (Tenn. Ct. App. 1996).[2]

For this reason, all of Cyree's claims are subject to dismissal because he seeks monetary relief against a Defendant that is immune from such relief.

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA.  *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded.").  Leave to amend is not required where

---

[1] Article I, Section 17 of the Tennessee Constitution provides, "[s]uits may be brought against the State in such manner and in such courts as the Legislature may by law direct."

[2] Tennessee law gives the Tennessee Claims Commission exclusive jurisdiction to determine monetary claims against the State of Tennessee that are based on negligent acts or omissions of State employees.  Tenn. Code Ann. § 9-8-307(a)(1).

a deficiency cannot be cured. *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). In this case, the Court concludes that Cyree should be given an opportunity to file an amended complaint.

In conclusion, the Court DISMISSES Cyree's complaint because it seeks monetary relief against a Defendant that is immune from such relief, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2).  Leave to amend, however, is GRANTED.  Any amendment must be filed within 21 days after the date of this order.

Cyree is advised that an amended complaint will replace the original complaint and must be complete in itself without reference to the prior pleadings.  The text of the complaint must allege sufficient facts to support each claim without reference to any extraneous document.  Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint.  All claims alleged in an amended complaint must arise from the facts alleged in the original complaint.  Each claim for relief must be stated in a separate count and must identify each defendant sued in that count.  If Cyree fails to file an amended complaint within the time specified, the Court will dismiss the case with prejudice in its entirety, assess a strike under 28 U.S.C. § 1915(g), and enter judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE